# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MONTGOMERY AVANT,**

    **Petitioner,**

v.                  Case No. 02-C-1125

**CATHERINE FARREY,**

    **Respondent.**

# DECISION AND ORDER

Montgomery Avant ("Avant") filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. The respondent filed a motion to dismiss, alleging that the petition was untimely filed. For the following reasons, the Court will deny the motion to dismiss and order the respondent to file an answer.

## BACKGROUND

On November 11, 1999, a jury convicted Avant of two counts of robbery with threat of force, in violation of Wis. Stat. § 943.32(1)(a). Avant was sentenced to two consecutive terms of twenty-five years' imprisonment. Avant appealed his conviction, and on July 31, 2001, the Wisconsin Court of Appeals affirmed the judgment of the circuit court. Avant then petitioned the Wisconsin Supreme Court for review, which the court denied on October 23, 2001.

On November 18, 2002, this Court received Avant's petition for a writ of habeas corpus. However, one month later, on December 19, 2002, Avant filed a motion to withdraw his habeas petition so that he could exhaust all of his claims in state court. The

Court granted Avant's motion to withdraw, and dismissed the case without prejudice. Immediately thereafter, on February 3, 2003, Avant wrote a letter asking the Court to re-open his case and to stay his petition until he exhausted his claims in state court. The Court complied with Avant's request, vacated its previous judgment dismissing the case, and stayed his petition until Avant notified the Court that he wanted to proceed. The Court re-opened the case and stayed the petition "to ensure that Avant's claims . . . are not barred by the one-year [statute of limitations]." *Avant v. Bradley*, 02-C-1125 (May 28, 2003).

On January 28, 2003, Avant filed a motion for postconviction relief in Milwaukee County Circuit Court. The next day, on January 29, 2003, the circuit denied his motion. Avant appealed, and the Wisconsin Court of Appeals affirmed the judgment of the circuit court on June 15, 2004. Avant petitioned for review to the Wisconsin Supreme Court, but the court denied the petition because it was untimely filed.

On September 7, 2004, Avant wrote the Court stating that he was ready to proceed with his federal habeas petition that had been stayed. Two days later, on September 9, 2004, the Court received a letter from Avant requesting to again hold his petition in abeyance so that he could pursue his *State v. Knight* petition in Wisconsin state court. To further confuse matters, on October 10, 2004, the Court received Avant's petition to proceed *in forma pauperis* ("IFP").

On November 1, 2004, the Court found that Avant was more than capable to pay the $5.00 filing fee, and thus dismissed the case without prejudice. On November 18,

2

2004, Avant paid his $5.00 filing fee. Accordingly, on November 23, 2004, the Court accepted Avant's $5.00 filing fee, re-opened the case, and granted Avant's request to hold his petition in abeyance pending his *State v. Knight* petition in state court.

On April 17, 2006, Avant wrote a letter to the Court asking that his federal habeas petition proceed and that he be allowed to amend his petition. The Court granted both of his requests. On July 10, 2006, the respondent filed a motion to dismiss on the ground that the petition was untimely filed.

## DISCUSSION

A petitioner must file his federal habeas petition within one year from the date "on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2254(d)(1). On October 23, 2001, the Wisconsin Supreme Court denied Avant's petition for review of his conviction. Avant then had ninety days, or until January 22, 2002, to file a petition for a writ of certiorari in the United States Supreme Court. *See Anderson v. Litscher*, 281 F.3d 672, 674-75 (7th Cir. 2002). Because Avant did not file a petition for a writ of certiorari, the statute of limitations on Avant's habeas petition began to run on January 23, 2002. *Id.* at 675.

The respondent argues that because Avant waited until January 28, 2003, to file his postconviction motion in state court, which was outside the one-year period of limitations, the postconviction motion did not toll the period for purposes of federal review. Yet, the date that Avant filed his state postconviction motion is not relevant here because Avant had already filed his federal habeas petition in this Court on November

3

18, 2002. The Court explained that it was staying Avant's petition to ensure that his claims would not be barred by the statute of limitations. *See Avant v. Bradley*, 02-C-1125 (May 28, 2003). Indeed, the United States Supreme Court subsequently stated that a petitioner can do precisely what Avant did here, when it asserted that a petitioner may file "a 'protective' petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005).

Avant filed his habeas petition on November 18, 2002, which was within the one year statute of limitations. Accordingly, the Court will deny the respondent's motion to dismiss and order the respondent to file an answer no later than February 13, 2007.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** respondent's Motion to Dismiss (Docket No. 21) is **DENIED**. The respondent is directed to file an answer no later than **February 13, 2007.**

Dated at Milwaukee, Wisconsin, this 28th day of December, 2006.

> **BY THE COURT:**
>
> **s/Rudolph T. Randa**
> **HON. RUDOLPH T. RANDA**
> **Chief Judge**